UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 11-20210-CIV-KING

GLADYS LAPICA,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon the September 27, 2011 Report and Recommendation ("R&R") of Magistrate Judge Robert L. Dubé (DE #33), recommending that the decision of the Commissioner be affirmed. Accordingly, the R&R further recommended that Plaintiff's Motion for Judgment on the Pleadings (DE #24) be denied and Defendant's Motion for Summary Judgement (DE #30) be granted.

Plaintiff filed objections (DE #34) on October 11, 2011. Plaintiff argued that the R&R contained three errors: 1) The R&R applied an improper standard of law to the undisputed facts by concluding that an individual who is limited to unskilled sedentary work could use or transfer her skills to unskilled occupations; 2) the R&R applied an improper standard of law to the undisputed facts by not finding Plaintiff disabled by virtue of her physical limitations

alone; and 3) the R&R applied an improper standard of law by failing to recognize that the inconsistent findings of fact rendered by the ALJ in this matter are in and of themselves an error of law requiring reversal and remand. (DE #34, at 1–2). The Court will address each of the objections in turn. The Court, however, does not find any evidence that the Magistrate Judge applied an improper standard of law. Rather, the Court concludes that the R&R contains well-reasoned recommendations and should be affirmed and adopted.

## I. Standard of Review

The role of this Court in reviewing claims brought under the Social Security Act is a limited one. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Judicial review of factual findings in disability cases is limited to determining whether the record contains substantial evidence to support the ALJ's findings and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999). Even if the Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm it if the decision is supported by substantial evidence. *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *see also* 42 U.S.C. § 405(g); *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981); *Warncke v. Harris*, 619 F.2d 412, 416 (5th Cir. 1980). "Substantial evidence" is generally defined as "such relevant evidence which a reasonable mind would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Reversal of the decision is proper where the ALJ failed to apply the correct law or to provide the reviewing

court with sufficient reasoning for determining that the proper legal analysis has been conducted. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145–1146 (11th Cir. 1991).

## II. Discussion

Section 423(d)(2)(A), which was enacted as part of the Social Security Amendments of 1967, 81 Stat. 868, states that "an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." Section 423(d)(2)(A). The ALJ determined Plaintiff could perform a limited range of light work and did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments for disability benefits. (DE #33, at 8). The ALJ found that while Plaintiff was unable to perform any of her past relevant work, Plaintiff could perform jobs which existed in significant numbers in the national economy and thus, was not disabled. *Id.* at 9. As noted by Plaintiff, "the vocational expert testified . . . that plaintiff was able to perform two unskilled occupations, with a specific vocational preparation of two, that of food and beverage clerk in a hotel and telephone information clerk." (DE #34, at 3). Thus, the ALJ was correct in finding that Plaintiff was not disabled.

### a. Transferability

Plaintiff's first objection turns on the issue of transferability. Plaintiff argues that "the ALJ was required to elicit semi-skilled or skilled occupations to which plaintiff's skills could

transfer to." (DE #34, at 3). Plaintiff notes that the vocational expert testified that Plaintiff was only able to perform two unskilled occupations. *Id.* The ALJ, however, also determined that Plaintiff retained transferable skills such as data entry and record keeping. (DE #33, at 13). Ultimately, Plaintiff argues that the ALJ violated Social Security Ruling ("SSR") 82-41 by concluding that Plaintiff could transfer her skills from her past relevant work.

Magistrate Judge Dube notes that the ALJ did not base her findings exclusively on the Medical Vocational Guidelines (hereinafter, "Grids"), but rather used them as a framework for the disability evaluation of the Plaintiff. *Id.* Since the Grids are not controlling, the Magistrate Judge was correct in rejecting the argument that Plaintiff must be found disabled under the Grids. *See Hutchinson v. Astrue*, Case No. 2:08-cv-741-FtM-29SPC, 2009 WL 4730556 at *3 (M.D. Fla. Dec. 4, 2009). The undisputed evidence on the record supports the finding that Plaintiff could engage in substantial gainful employment. Thus, the Court also finds no violation of SSR ("SSR") 82-41, which provides in part that "even if it is determined that there are no transferable skills, a finding of 'not disabled' may be based on the ability to do unskilled work."

    b.    **Disability By Virtue of Physical Limitations Alone**

Plaintiff's next objection is that "Plaintiff was required to be found disabled by virtue of her physical limitations alone, pursuant to vocational rule 201.12 and SSR 83-14." (DE #34, at 2). Plaintiff argues that the Magistrate Judge made a clear error of law by concluding that the Grids were not controlling. *Id.* at 5. However, "exclusive reliance on the Grids is not

4

appropriate either when the claimant is unable to perform a full range of work at a given residual functional level or when she has non-exertional impairments that significantly limit basic work skills." *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004); *see also Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). Since such non-exertional impairments existed in the present case, the ALJ acted properly by using the Grids as a framework and introducing the testimony of the vocational expert.

### c. Inconsistent Findings of Fact

In her third objection, Plaintiff argues that the "ALJ decision below contains a whole plethora of irreconcilable and inconsistent findings." (DE #34, at 7). Magistrate Judge Dube notes the discrepancies between Dr. Kirkorian's opinion and the ALJ's final residual functional capacity assessment, but finds that the discrepancies amounted to harmless error. (DE #33, at 17). Ultimately, "the result of [the ALJ finding] limited the Plaintiff to no postural activities similar to the result of Dr. Kirkorian's postural activities determination." *Id.* The Magistrate Judge found that the ALJ's determination regarding the Plaintiff's residual capacity is supported by substantial evidence. *Id.* This Court agrees.

Substantial evidence on the record supports the ALJ's decision to deny Plaintiff's request for disability insurance benefits. In reviewing this claim, the Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Therefore, the Court finds the

Commissioner's decision should stand.

### III. Conclusion

After a thorough review of the record the Court concludes that the R&R contains well-reasoned recommendations. Accordingly, it is,

**ORDERED, ADJUDGED and DECREED** as follows:

1. Magistrate Judge Robert L. Dubé's Report and Recommendation **(DE #33)** be, and the same is, hereby **AFFIRMED and ADOPTED**.

2. Plaintiff's Motion for Judgement on the Pleadings **(DE #24)** be, and the same is, hereby **DENIED**.

3. Defendant's Motion for Summary Judgement **(DE #30)** be, and the same is, hereby **GRANTED**.

4. The Commissioner's decision be, and the same is, hereby **AFFIRMED**.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9th day of November, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc: Magistrate Judge Robert L. Dube**
**All counsel of record**